UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD WHITE, | No. 2:14-cv-1572 AC P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY MAIN JAIL MEDICAL DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff filed this action while a county inmate and is currently a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned. ECF No. 4.

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

1  that the defendant is liable for the misconduct alleged." Id.

2  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

Plaintiff's Allegations

Plaintiff names various defendants in different parts of his complaint. The following individuals and entities are identified as defendants: the Sacramento Medical Dept. at the Sacramento Main Jail; Katharine or Kather[y]n Gonzales, the "head L.V.N"; the unnamed facility commander at the main jail; Sacramento County; California Forensic Medical Group; the "I.C.A.R.E. companies"; and "'the inmate welfare fund.'" ECF No. 1 at 2. The body of the complaint, however, does not identify any defendant by name.

Plaintiff complains that he and other inmates have been charged $3.00 for follow-up medical care by defendant California Forensic Medical Group even though the prisoner's jail handbook states that inmates are being provided "free welfare needs." Id. at 3, 4, 6. Plaintiff claims this to be evidence of "racketeering," that is going on "behind closed door[s]." Id. at 3. He alleges that by this fee, the jail and Cal. Forensic Group are defrauding Sacramento County citizens and taxpayers. Id. at 3, 6.

Plaintiff claims that he had a medical chrono for a lower tier but that he was moved to an upper tier by a Deputy Pena, who is not expressly identified as a defendant. Id. at 3, 4. Plaintiff alleges that he fell and his shoulder has needed surgery for ten months. Id. He claims that when he has reported that he suffers pain and that his condition is worsening, he is charged. He states he is under a doctor's care for a terminal illness and is also charged for that. Id. at 3.

Plaintiff seeks relief in the form of reimbursement with interest to himself and other inmates (presumably of charged medical fees). He also seeks compensation as the "primary plaintiff." His complaint is not entirely legible, but he also appears to be seeking injunctive relief in the form of an order that the jail follow its alleged policy and not charge for follow-up medical care. Plaintiff also seeks fines against defendants Sacramento County Main Jail and the Cal.

1    Forensic Medical Group.  ECF No. 1 at 3.

2        Plaintiff has also filed a separate document indicating that he intends this complaint to be

3    a class action.  ECF No. 6.  In a third filing, plaintiff seeks to bolster his allegations.  ECF No. 8.

4        <u>Rule 8 Pleading Requirements and Local Rule 220</u>

5        Plaintiff's several filings and piecemeal efforts to supplement his complaint

6    violate both Rule 8 of the Federal Rules of Civil Procedure and Local Rule 220.  Rule 8 requires

7    "sufficient allegations to put defendants fairly on notice of the claims against them."  <u>McKeever</u>

8    <u>v. Block</u>, 932 F.2d 795, 798 (9th Cir. 1991) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957); 5

9    C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990)).  Although the

10   Federal Rules adopt a flexible pleading policy, a complaint must provide fair notice and state the

11   elements of the claim plainly and succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646,

12   649 (9th Cir. 1984).  "Plaintiff must allege with at least some degree of particularity overt acts

13   which defendants engaged in that support plaintiff's claim."  <u>Id.</u> (internal citation/quotation marks

14   omitted).

15       The only individual Plaintiff has named within the body of his allegations, Deputy Pena,

16   is not identified as a defendant.  The individuals he has identified as defendants are not named

17   within the body of his allegations.  Plaintiff's claims against the entity defendants do not clearly

18   identify a specific jail policy that is actually violated by small charges for medical services.  "The

19   propriety of dismissal for failure to comply with Rule 8 does not depend on whether the

20   complaint is wholly without merit."  <u>McHenry v.Renne</u>, 84 F.3d 1172, 1179 (9th Cir. 1996).

21   Rather, it turns on the adequacy of notice.  <u>McKeever</u>, 932 F.2d at 798.  Plaintiff's allegations

22   here fail to put any defendants fairly on notice of the claims against them.

23       Further, L.R. 220 does not permit piecemeal amendments. "[E]very pleading to which an

24   amendment or supplement is permitted as a matter of right or has been allowed by court order

25   shall be . . .filed so that it is complete in itself without reference to the prior or superseded

26   pleading." L.R. 220, in pertinent part.  Plaintiff's complaint will be dismissed with leave to

27   amend.

28   ////

<u>Class Action</u>

Plaintiff cannot bring a class action. <u>Halet v. Wend Inv. Co</u>., 672 F.2d 1305, 1308 (9th Cir.1982) (party must assert [his] own rights not those of third parties) (citing <u>Duke Power Co. v. Carolina Environmental Study Group</u>, 438 U.S. 59, 80 (1978)); <u>Warth v. Seldin</u>, 422 U.S. 490, 499 (1974). First, plaintiff has made no motion pursuant to Rule 23 of the Federal Rules of Civil Procedure seeking to have the court certify the instant matter as a class action. Moreover, plaintiff is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See Fed. R. Civ. P. 23(a)(4) (requiring that class representative be able "to fairly and adequately protect the interests of the class"); <u>see also</u>, <u>McShane v. United States</u>, 366 F.2d 286, 288 (9th Cir.1966) (lay person lacks authority to appear as an attorney for others). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. "[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others. Plaintiff's privilege to appear in propria persona is a "privilege ... personal to him. He has no authority to appear as an attorney for others than himself." <u>McShane v. United States</u>, 366 F.2d at 288.

<u>Inadequate Civil RICO Claim</u>

The Racketeer Influenced and Corrupt Organizations Act ("RICO") provides a civil remedy to victims of organized commercial crime. A civil RICO claim requires allegations establishing the following: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to plaintiff's business or property." <u>Living Designs, Inc. v. E.I. Dupont de Nemours & Co.</u>, 431 F.3d 353, 361 (9th Cir. 2005), <u>cert. denied</u>, 547 U.S. 1192 (2006) (internal quotation marks and citations omitted). To prevail, a plaintiff must also "show that the defendant caused injury to his business or property." <u>Fireman's Fund Ins. Co.</u>, 258 F.3d at 1021 (citing 18 U.S.C. § 1964(c)). To state a claim under RICO, it must be demonstrated "that the defendants engaged in at least two acts of 'racketeering activity,' as that term is defined in 18 U.S.C. § 1961(1)." <u>Bowen v. Oistead</u>, 125 F.3d 800, 806 (9th Cir. 1997) (citing <u>Sun Sav. & Loan Assn.</u>, 825 F.2d at 191), <u>cert. denied</u>, 524 U.S. 938 (1998). However, civil rights violations do not fall within the statutory definition of

"racketeering activity."  Id.; see also Hernandez v. Cate, 918 F. Supp. 2d 987, 1019 (E.D. Cal. 2012).

Plaintiff's allegations of "racketeering activity" on the part of defendants are virtually incoherent.  Plaintiff does not specify how any named defendant is involved is an illegal practice that could be cognizable as "racketeering activity" within the meaning of RICO.  Plaintiff's "racketeering" claims are dismissed.

Failure to State an Eighth Amendment Inadequate Medical Care Claim

In order to state a §1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of mind for a medical claim is "deliberate indifference."  Hudson v. McMillian, 503 U.S. 1, 5 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Indications that a prisoner has a serious need for medical treatment are the following:  the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989); McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court established a very demanding standard for "deliberate indifference."  Negligence is insufficient.  Farmer, 511 U.S. at 835.  Even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient to establish an Eighth Amendment

violation. Id. at 836-37. It not enough that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842. Rather, deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal citation omitted) (emphasis added).

A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to *competently* treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id. However, mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). "A difference of opinion between a physician and the prisoner -- or between medical professionals -- concerning what medical care is appropriate does not [without more] amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012); see also, Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) (difference of medical opinion as to treatment of serious medical needs does not amount to deliberate indifference).

A finding that an inmate was seriously harmed by the defendant's action or inaction tends to provide additional support for a claim of deliberate indifference; however, it does not end the inquiry. McGuckin, 974 F.2d 1050, 1060 (9th Cir. 1992). In summary, "the more serious the medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those needs, the more likely it is that a plaintiff has established deliberate indifference on the part of the defendant." McGuckin, 974 F.2d at 1061.

Plaintiff's allegations that he has been charged for medical care do not state a claim for deliberate indifference to serious medical needs. In the first place, plaintiff does not allege with sufficient specificity that he suffered from a serious medical condition. Vaguely referring to having a "terminal" illness, or that he needs shoulder surgery, is not enough. If plaintiff seeks to allege an Eighth Amendment violation by Deputy Pena, he must clearly identify Pena as a defendant and allege facts that demonstrate both that Pena was aware of plaintiff's medical needs

and that any injury plaintiff suffered was a result of Pena's actions. Second, plaintiff does not sufficiently allege that he was denied medical care, simply that he was charged an arguably de minimis amount for it. He names no defendant that he alleges deprived him of medical care for a serious medical need. The complaint will be dismissed but plaintiff will be granted leave to amend.

Amendment

If plaintiff chooses to amend the complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir.1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012) ("the general rule is that an amended complaint super[s]edes the original complaint and renders it without legal effect... .") Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

    3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in dismissal of this action.

DATED: November 3, 2014

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE